Robinson v. Aldridge.

---

## WALTER G. ROBINSON v. LEWIS ALDRIDGE.

1. PARTNERSHIP: NOTE MADE IN THE FIRM NAME PRIMA FACIE BINDING.—A promissory note executed by one of the partners in the name of the firm, is *prima facie* a partnership transaction, and binding on the firm.

2. SAME: SAME: THE LEGAL PRESUMPTION DESTROYED BY PROOF, THAT THE NOTE WAS MADE IN DISCHARGE OF THE PRIVATE DEBT OF A PARTNER.—Where it is shown that the consideration of a note executed by one of the partners in the name of the firm, is the discharge of the private debt of such partner to the payee, the legal presumption that the note is a partnership transaction is rebutted, and it is then incumbent on the payee, in order to hold the other partners liable, to show that the note was executed and delivered with their know-

ledge and consent, or that they subsequently assented to or ratified the transaction.

3. SAME: POWER OF A PARTNER TO BIND THE FIRM FOR HIS PRIVATE DEBT.—A partner has no right to bind the firm, by executing a note in their name, in discharge of his private debt.

IN error from the Circuit Court of Yallabusha county. Hon. J. M. Acker, judge.

The plaintiff in error sued Lewis Aldridge, John H. McRae, and Ralph Coffman, as partners under the firm name of McRae, Aldridge & Coffman, upon a note payable to his order, for the sum of $2726 74, dated at New Orleans, March 15th, 1855, and signed in the firm name. McRae and Coffman made no defence, and a judgment by default was rendered against them. Aldridge filed two pleas. 1. That the note sued on, was executed by John H. McRae, not for any indebtedness of McRae, Aldridge & Coffman, but for the separate and private debt of said McRae and Coffman, as members of a dissolved mercantile firm composed of said McRae and Coffman and Lewis Graves and John H. Little, and which said firm was and is insolvent, and that this was done without the said Aldridge's knowledge or consent. 2. The general issue, including a denial that the note was executed by him, or with his knowledge or consent. This plea was sworn to. Issue was taken upon both these pleas, and the cause submitted to a jury. Upon the trial the plaintiff read in evidence the note, and proved that the signature of McRae, Aldridge & Coffman was in the handwriting of John H. McRae, a member of that firm. The defendant then read in evidence the deposition of A. H. Ringold, who stated that the firm of McRae, Coffman & Co. failed in the fall of 1854, and that soon thereafter the firm of McRae, Aldridge & Coffman was formed; that this latter firm was engaged in the commission business in New Orleans, La.; that he was bookkeeper for McRae, Aldridge & Coffman from February, A. D. 1855, to March, 1856, when the partnership was dissolved; that the note sued on was, to the best of his recollection, executed by McRae, and delivered to the plaintiff in part payment of a bill of exchange held by the plaintiff, and which was drawn by J. W. Thompson on McRae, Coffman & Co., and accepted by them; that there is a memorandum

to this effect on the bill-book of the firm, which is in the witness's handwriting; that he made the memorandum either from seeing the note when it was executed, or from a statement furnished by McRae, he does not recollect which; that he cannot state whether or not he was present when the transaction took place. Witness further stated, that Lewis Aldridge was not in the city of New Orleans, from the date of the formation of the partnership until February or March, 1856; when, upon a balance sheet of the books being shown him by witness, he published the dissolution of the partnership. Upon cross-examination, this witness stated that Joseph W. Thompson, the drawer of the bill, paid by the execution of the note in controversy, was a friend and patron of the house of McRae, Aldridge & Coffman; and that there were transfers of claims due to McRae, Coffman & Co. made by McRae to the firm of McRae, Aldridge & Coffman, but that witness could not say whether Lewis Aldridge was cognizant of such transfers or not. It was also shown that it was the custom of commission merchants in New Orleans to accept bills for the accommodation of their friends in the country.

The court, at the instance of the plaintiff, instructed the jury as follows:—

1st. Each partner has a right to bind the firm by any contract made on behalf of the firm in the ordinary trade and business thereof, and can do any acts which are incident and appropriate to such trade or business, according to its common course and usage.

2d. A partner may bind the firm in transactions beyond the scope of the partnership business, if his associates assent thereto.

3d. The assent of Aldridge to the use of his name by McRae may be proven by circumstances as well as by direct proof.

4th. The mere fact that a note or security or fund of the firm, has been taken in discharge of the separate debt of one partner, is not alone decisive of collusion or fraud, or misapplication thereof.

5th. If the jury believe that McRae applied the funds of McRae, Coffman & Co. to the business of McRae, Aldridge & Coffman, and upon the faith of such funds so applied gave the note of McRae, Aldridge & Coffman to the plaintiff, in settlement of a debt due to plaintiff by McRae, Coffman & Co. and others, then such note is a valid debt against defendant.

6th. One partner may bind another in matters out of their usual course of business, if these matters arise out of, and are connected with the regular transactions of the firm.

7th. A note given by one partner in the name of the firm, for his private debt, binds the firm, if the other partners, on hearing the fact, do not dissent or give notice to the payee.

8th. All debts contracted in the name of a firm are to be regarded as partnership debts, until the contrary shall appear.

For the defendant, the court gave the following charges:—

1. If two partners of a firm owe a debt before a third partner is taken into the firm, they cannot bind the third partner who comes in afterwards by executing a note in the name of the new firm, but such note is fraudulent and void as to the third partner, unless he assented to the arrangement.

2. If McRae, Coffman & Co., owed a debt during the existence of their copartnership, and afterwards Lewis Aldridge formed a partnership with McRae & Coffman, and McRae executed a note for the debt of McRae, Coffman & Co., and others, in the name of McRae, Aldridge & Coffman, such act is a fraud upon Lewis Aldridge, and not binding on him, unless he assented to, or ratified it.

3. When a note is given in the name of a firm by one of the partners, for his private debt, and known to be so by the person taking the note, the other partners are not bound by such note, unless they have assented to such transaction; and it is incumbent on the holder of the note to show such assent before he can recover.

Other instructions were given on behalf of both parties; but, being on points not litigated in this court, they are not set out.

The jury found for the defendant.

The plaintiff then moved for a new trial, upon the ground that the court erred in giving the instructions asked for by defendant, and that the verdict was not supported by the evidence. This motion the court overruled, and the plaintiff took a bill of exceptions, and sued out this writ of error.

*T. J.* and *F. A. R. Wharton,* for plaintiff in error.

*N. C.* and *J. A. Snider,* on same side.

HARVARD LAW SCHOOL LIBRARY

*F. M. Aldridge* and *J. Z. George,* for defendant in error,

Cited Story on Partnership, §§ 101, 110, 132; Collyer on Partnership, § 426; *Munroe* v. *Cooper,* 5 Pick. 412; *Doty* v. *Bates,* 11 Johns. R. 344; *Dobb* v. *Halsey,* 16 Ib. 34–38; *Livingston* v. *Roosevelt,* 4 Ib. 251; *Anderson* v. *Planters' Bank,* 7 S. & M. 192; *Minor* v. *Gaw,* 11 Ib. 322; *Langan* v. *Hewett,* 13 Ib. 123; *Rogers* v. *Batcheler,* 12 Peters R. 232; 1 Am. Lead. Cas. p. 406, and authorities cited on page 451; 6 Wend. 615; 14 Ib. 144; 3 Ala. R. 11.

SMITH, C. J., delivered the opinion of the court.

In this case there was a verdict and judgment for the defendant. A motion was made for a new trial, which was overruled; and the case is brought before us upon the bill of exceptions filed to the judgment on the motion.

The suit was founded upon a note payable to the order of Walter G. Robinson, the plaintiff in error, made by John H. McRae, Lewis Aldridge, and Ralf Coffman, under their firm name of McRae, Aldridge & Coffman. McRae and Coffman made default. Aldridge filed two answers, in which the defences set up were: 1. That the note sued upon, was made by said McRae, and delivered to the plaintiff in discharge of the separate debts of McRae, Ralf Coffman, Lewis Graves, and John H. Little, a mercantile firm then insolvent, which had done business under the name and style of McRae, Coffman & Co., and not on account of the indebtedness of McRae, Aldridge & Coffman. 2. That the note was not executed by the defendant, nor did he authorize its execution. The cause was submitted to the jury upon the issues tendered by and joined upon the answers.

The testimony shows that McRae, Aldridge & Coffman were commission merchants in the city of New Orleans, where the note in suit was made. That, prior to the formation of the partnership between them, McRae and Coffman were partners in the firm of McRae, Coffman & Co., who were commission merchants, transacting business in New Orleans, and who had failed for a large amount. That Robinson, the plaintiff in error, held a bill drawn by one Thompson, upon McRae, Coffman & Co., and which was accepted by them; and that, after the formation of the partnership

of McRae, Aldridge & Coffman, McRae, the active business member of the firm, was induced to make and deliver the note sued on, to Robinson, for the said acceptance of McRae, Coffman & Co., or in part payment of the same.

These facts, distinctly proved, were unquestionably sufficient to repel the legal presumption, which would otherwise exist, that the note in question was made, within the scope and about the legitimate business of the copartnership. And, hence, in order to hold the defendant, Aldridge, liable upon the note, it was incumbent on the plaintiff to prove that the note was made and delivered to Robinson, by McRae, with his knowledge and consent, or that he subsequently assented to and ratified the transaction.

The principles of law applicable to the subject were fully explained by the instructions to which no exception is taken. The fifth charge, delivered at the instance of the plaintiff, laid down the law as favorably for the plaintiff as the facts, upon any view which could be taken of them, would justify. And, without reciting the evidence, it is sufficient to state that the verdict is not manifestly wrong as being founded on no evidence, or found contrary to the great preponderance of it.

Judgment affirmed.